NORTHERN DISTRICT OF TEXAS

**FILED**

**FEB - 7 2014**

CLERK, U.S. DISTRICT COURT

By _____
Deputy

ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

ALBERTO FARIAS )
      *Plaintiff.* )
v. )
  )
DIVERSIFIED )
CONSULTANTS, INC. )
      *Defendant.* )
  )
  )

CIVIL ACTION NO.

**4-14CV-087-0**

TRIAL BY JURY DEMANDED

## VERIFIED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Plaintiff Alberto Farias, complains of Diversified Consultants, Inc. Defendant, and for cause of action would respectfully show as follows:

### NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Alberto Farias against Defendant Diversified Consultants Incorporated, for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(A)(iii) and Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et al., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but non-existent consumer debt.

## JURISDICTION AND VENUE

3.   Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 47 U.S.C. §227(f)(2).

4.   This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because

Defendant engages in business within this state, to wit debt collection.

5.   Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(f)(4) .

6.   Venue in the Northern District of Texas, Fort Worth Division is proper in that the

Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant

transacts business here, and the conduct complained of occurred here.

7.   All conditions precedent to the bringing of this action, have been performed.

## PARTIES

8.   The Plaintiff in this lawsuit is Alberto Farias, a natural person and a citizen of Tarrant

County, Texas.

9.   Defendant in this lawsuit is Diversified Consultants, Inc. (herein after "DCI") a debt

collection company with principal office at 10550 Deerwood Park Blvd, Building #309,

Jacksonville, FL 32256.

10. DCI is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101

to engage in debt collection activities in Texas.

11. DCI may be served with process by serving its registered agent for service of process:

John Crawford, 1200 Riverplace Boulevard, Suite 800, Jacksonville, FL 32207.

12. DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. DCI is in the business of collecting consumer debts using the mails and telephone and

regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed, to

another person.

## FACTUAL ALLEGATIONS

14. On or about **26-August-2013 at about 12:09 p.m.**, Defendant DCI called the Plaintiff's wireless cell phone from telephone number (817) 900-9292.  Said number is a number known to be used by Defendant DCI in their debt collection operations. **(Exhibit A)**

15. On or about **27-August-2013 at about 08:19 a.m.**, Defendant DCI called the Plaintiff's wireless cell phone from telephone number (817) 385-7125.  Said number is a number known to be used by Defendant DCI in their debt collection operations. **(Exhibit B)**

16. On or about **27-August-2013 at about 12:24 p.m.**, Defendant DCI called the Plaintiff's wireless cell phone from telephone number (817) 900-9269.  Said number is a number known to be used by Defendant DCI in their debt collection operations. **(Exhibit C)**

17. On or about **27-August-2013 at about 07:54 p.m.**, Defendant DCI called the Plaintiff's wireless cell phone from telephone number (817) 385-7125.  Said number is a number known to be used by Defendant DCI in their debt collection operations. **(Exhibit D)**

18. On or about **28-August-2013 at about 09:49 a.m.**, Defendant DCI called the Plaintiff's wireless cell phone from telephone number (817) 385-7157.  Said number is a number known to be used by Defendant DCI in their debt collection operations. **(Exhibit E)**

19. On or about **28-August-2013 at about 12:44 p.m.**, Defendant DCI called the Plaintiff's wireless cell phone from telephone number (817) 900-9233.  Said number is a number known to be used by Defendant DCI in their debt collection operations. **(Exhibit F)**

20. On or about **29-August-2013 at about 03:35 p.m.**, Defendant DCI called the Plaintiff's wireless cell phone from telephone number (817) 900-9292.  Said number is a number known to be used by Defendant DCI in their debt collection operations. **(Exhibit G)**

21. Plaintiff was unable to answer any of the telephone calls because they occurred during hours Plaintiff was at work.  Plaintiff is not able to answer telephone calls while at work.

22. Defendant DCI never left any messages disclosing their identify and reason for the telephone call to the Plaintiff. Plaintiff was uncomfortable returning a telephone call to a number unknown to Plaintiff.

23. In each telephone communication in question here, Defendant DCI used equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically dial Plaintiff's wireless cellular phone in an attempt to collect on the alleged but non-existent consumer debt. **(Emphasis Added)**

24. Defendant DCI harassing and abusive actions and/or its failure to disclose the identity for purpose of its call were a violation of 15 U.S.C. § 1692d and 15 U.S.C. §1692d(6).

25. Plaintiff called the telephone numbers (817) 900-9292, (817) 385-7125, (817) 900-9269, (817) 382-7157, and (817) 900-9233 to ascertain who was calling him and received a recorded message, when the call was connected  the recording informed that Plaintiff was contacting Diversified Consultants at which time Plaintiff was placed on hold and eventually hung up without speaking to any individual.

26. Plaintiff used the internet to determine who Diversified Consultants were and what business Plaintiff may have and/or forgotten about.  Plaintiff visited Defendant DCI website; www.dcicollect.com/dci-technology.html, the website states that DCI uses **"LiveVox for its dialing needs.  LiveVox is the leading provider of predictive dialing solutions to the collection industry." (Exhibit H)**

27. At no time has the Plaintiff given his express consent, written or otherwise, to Defendant DCI to call his wireless cellular telephone.

28. Plaintiff has no prior or present established relationship with Defendant DCI.

29. Plaintiff has no contractual obligation to pay Defendant DCI any alleged consumer debt.

30. The communications in question here are all related to Defendant DCI attempts to collect an alleged but non-existent consumer debt.

31. On September 03, 2013 Plaintiff sent a letter via United States Postal Service Express Mail informing Defendant DCI said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(A)(iii), Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., this was in an effort to amicably resolve the matter prior to litigation.

32. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227(b)(1)(A) BY DEFENDANT DIVERSIFIED CONSULTANTS, INC.

33. Paragraphs 1 through 32 are re-alleged as though fully set forth herein.

34. Plaintiff and Defendant DCI do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

35. Defendant DCI called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

36. Defendant DCI has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's cellular

telephone number, which is assigned to a cellular telephone service **with no** prior express

consent and for no emergency purpose.

37. 47 U.S.C. §227(b)(1)(A) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be **unlawful for any person** within the United States, or any person outside the United States if the recipient is within the United States—

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or

admission from the Defendant(s) that they violated the Telephone Consumer

Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which

states in part: an action to recover for actual monetary loss form such a violation, or

to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which

states in part:  If the Court finds that the Defendant willfully or knowingly violated

this subsection or the regulations prescribed under this subsection, the Court may, in

its discretion, increase the amount of the award to an amount equal to not more than 3

(three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii)  BY DEFENDANT DIVERSIFIED CONSULTANTS, INC.

38. Plaintiff alleges and incorporates the information in paragraphs 1 through 37.

39. Defendant DCI has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's number, which is **assigned to a cellular telephone service**.

40. Defendant DCI has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's number no less than seven (7) times, which the **Plaintiff was charged for the telephone calls**.

41. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) **to any telephone number assigned** to a paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call;**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part:  If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.


## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d BY DEFENDANT DIVERSIFIED CONSULTANTS, INC.

42. Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

43. Defendant aforementioned conduct violated the FDCPA.

44. Defendant DCI actions of making at least seven (7) telephone calls to Plaintiff wireless cellular telephone in the span of three (3) days in an attempt to collect on an a alleged but non-existent debt was to harass, oppress, or abuse Plaintiff, is a violation of 15 U.S.C. § 1692d,

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

i)   Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

j)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

k)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

l)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

m)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(5) BY DEFENDANT DIVERSIFED CONSULTANTS, INC.

45. Paragraphs 1 through 44 are re-alleged as though fully set forth herein.

46. Defendant aforementioned conduct violated the FDCPA.

47. Defendant DCI violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(6) BY DEFENDANT DIVERSIFIED CONSULTANTS, INC.

48. Paragraphs 1 through 47 are re-alleged as though fully set forth herein.

49. Defendant aforementioned conduct violated the FDCPA.

50. Defendant DCI violated 15 U.S.C. § 1692d(6) by the placement of at least seven (7) telephone calls to Plaintiffs wireless cellular telephone without meaningful disclosure of the caller's identity.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated:  February 07, 2014

Respectfully Submitted,

Alberto Farias
1413 Clinton Avenue
Fort Worth, TX 76164
(817) 705-1340
fariasalberto@outlook.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

ALBERTO FARIAS )
      *Plaintiff.* )
v. )
  )
DIVERSIFIED )
CONSULTANTS, INC. )
      *Defendant.* )
  )
  )

### VERIFICATION OF COMPLAINT

STATE OF TEXAS
COUNTY OF TARRANT

      BEFORE ME personally appeared Alberto Farias who, being by me first duly sworn and identified in accordance to Texas law, deposes and says:

1. My name is Alberto Farias, Plaintiff herein.
2. I have read and understood the attached foregoing complaint and examined any appendices filed herein, and each fact alleged therein is true and correct of my own personal knowledge. The appendices are true and fair copies of the recited instruments.

      FURTHER THE AFFIANT SAYETH NAUGHT.

                                         Alberto Farias, Affiant

State of Texas
County of Tarrant

SWORN TO and subscribed before me, a notary public, on this __7__ day of __Feb__ 2014 personally appeared Alberto Farias , known to me through description of identity card to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.



HEATHER CHRISTINE ANCY
Notary Public
STATE OF TEXAS
My Comm. Exp. Mar. 08, 2016

(Personalized Seal)                              Notary Public's Signature



PLAINTIFF'S
EXHIBIT

A



PLAINTIFF'S
EXHIBIT

B



PLAINTIFF'S
EXHIBIT

C



PLAINTIFF'S
EXHIBIT

D



PLAINTIFF'S
EXHIBIT

E



PLAINTIFF'S
EXHIBIT

F



PLAINTIFF'S
EXHIBIT

G

# State-of-the-art innovation

We utilize software provided by Latitude Software, Inc. called Latitude. Latitude keeps track of your company's entire work flow -- from downloading new accounts to printing checks for clients. Collection, administrative and management functions can be customized to enhance your office work flow.

**In addition, Diversified Consultants, Inc. partners with LiveVox for its dialing needs.** LiveVox is the leading provider of predictive dialing solutions to the collection industry. LiveVox offers integrated solutions with intelligent inbound skills based routing. The newly designed state-of-the-art user interface contains fully customizable detailed real-time status of agents, campaigns and phone lines into one view. Using this powerful



dcicollect.com/dci-technology.html

PLAINTIFF'S
EXHIBIT
H

JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Alberto Farias

**DEFENDANTS**
Diversified Consultants, Inc.

**(b)** County of Residence of First Listed Plaintiff   Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Duval
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED
FEB - 7 2014
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
4-14CV-087-0

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☒ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et al.; 47 U.S.C. § 227(b)(1)(A); 47 U.S.C. § 227(b)(1)(A)(iii)

Brief description of cause:
Fair Debt Collection Practices Act and Telephone Communication Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
02/07/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   FW021241        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE